**102** SAVIDGE vs. CIRCUIT JUDGE (Ottawa), No. 14499, 105 M., 257.

To compel respondent to set aside an order vacating a judgment in a case commenced by attachment, and dismiss the writ.

Denied May 21, 1895, with costs.

Writ of attachment issued returnable January 3, 1893. No personal service, publication made, the last being made February 9, 1893. Proof of publication made and declaration filed February 16, 1893. Default entered March 16, 1893. No affidavit of the commencement of publication was filed. April 16, 1893, property sold, bid in by plaintiff and passed out of the officers' hands into plaintiff's possession. May 6, 1894, the court vacated the judgment and dismissed the writ.

Respondent insisted that the judgment was void because the default was entered within thirty days after the filing of proof of publication, citing—Woolkins vs. Haid, 49 M., 299; Sture vs. Vanderberg, 67 M., 530; King vs. Harrington, 14 M., 532; Wells vs. Walsh, 25 M., 344; Nugent vs. Nugent, 70 M., 52; that the basis of the existence of the proceeding was the attachment of the property and its possession by the sheriff; that when the property was discharged from the levy by the voluntary act of the officer it could not be reclaimed by him, citing Weber vs. Henry, 16 M., 403; Waples on Attachment, pp. 7, 8, 9.

**103** McGUIRE vs. CIRCUIT JUDGE (Saginaw), No. 14148, 101 M., 275.

To set aside an order vacating an attachment in a log lien suit on the ground that there was no proper service of the writ upon the principal defendant, or upon the log owners, or those in custody of the logs, no copy of an inventory having been served as required by the general attachment statute, How., Sec. 7991, nor was any made.

Granted June 26, 1894, with costs. Citing Federspiel vs. Johnson, 87 M., 303, and distinguishing White vs. Prior 88 M., 647.